UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

MANDY L. JONES,

      Plaintiff,

v.

FMS, INC., a Oklahoma Corporation

      Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent in Colorado located at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

## PARTIES

8. Plaintiff Mandy L. Jones is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant FMS, INC. (hereinafter "Defendant") is a Oklahoma corporation operating from an address of 4915 South Union Avenue, Tulsa, Oklahoma and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division.

## FACTUAL ALLEGATIONS

11. The Defendant makes automated calls to the Plaintiff seeking to recover on a debt that the Plaintiff has never owed upon.

12. The Plaintiff has no business relationship with the Defendant.

13. Despite being advised by the Plaintiff that she does not owe the Defendant any money, refuses to pay the Defendant any money, the Defendant continues to initiate telephone contact with the Plaintiff on a regular basis using an auto-dialer.

14. The Defendant leaves a pre-recorded message on the Plaintiff's work telephone line, answering service, seeking to make contact with an individual identified as Emanuel Rosa.

15. The Plaintiff neither knows nor knows of Emanuel Rosa and has left repeated messages with the Defendant advising of such.

16. The Plaintiff has contacted the Defendant repeatedly demanding that they discontinue any additional contact with her on her business telephone line.

17. Despite the plea of the Plaintiff to be left alone and not harassed by the Defendant, the ongoing and daily telephone harassment continues.

18. The harassment by the Defendant on her business telephone line has caused distress and interruption to the Plaintiff.

19. Often the Plaintiff's voicemail box is overloaded with messages from the Defendant.

20. To date the Plaintiff has been contacted in excess of thirty times by the Defendant's robo-dialer.

21. The refusal of the Defendant to cease its harassing collection efforts can be described as nothing short of abusive, oppressive and harassing. Such conduct is strictly prohibited by the FDCPA, see 15 U.S.C. § 1692d.

22. The messages indicate that the Defendant is attempting to contact Emanuel Rosa and gives the telephone number of the Defendant where the call should be returned.

23. The telephone number left by the Defendant is 1-800-580-7611. This number indeed when called is the direct line for the Defendant.

24. The FDCPA, 15 U.S.C §1692b(3) prohibits a debt collector from contacting a third party in an attempt to collect a debt without permission from the effected third party. The Plaintiff has not given consent to the Defendant to contact her and in fact has insisted that they cease using their autodialer to contact her.

25. The actual number of telephone calls will become apparent in the discovery phase of this case and the Plaintiff reserves her right to amend this complaint.

26. The FDCPA prohibits a debt collector from making repeated telephone calls or engaging in repeated conversations with consumers, see 15 U.S.C. §1692d(5).

27. The Defendant has actual notice that the Plaintiff is not responsible for any debt that they are trying to recover and thus the only possible explanation for the ongoing communication is harassment by the Defendant.

28. The FDCPA prohibits a debt collector from harassing a consumer, see 15 U.S.C. §1692d.

### *Respondeat Superior Liability*

29. The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

30. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

35. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorneys for Plaintiff